William R. Jarrell (SBN 290271)
Andre L. Verdun (SBN 265436)
Attorneys at Law
**CROWLEY LAW GROUP**
600 B Street, Suite 2050
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
WillJarrell@CrowleyLawGroup.com
AndreVerdun@gmail.com

Attorneys for Plaintiff
SABRINA MUHAMMAD

# UNITED STATES DISTRICT COURT,

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SABRINA MUHAMMAD,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **REESE LAW GROUP, APC;** and **FORD MOTOR AND CREDIT COMPANY, and DOES 1-10,** <br><br> Defendants. | Case #:  **'16CV2513 MMABGS** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1.     Defendants, REESE LAW GROUP and FORD MOTOR CREDIT COMPANY (hereinafter "Defendants"), illegally and knowingly caused a "Writ of Execution" to collect a money judgment to be issued against SABRINA MUHAMMAD (hereinafter "Plaintiff") in a county where the original contract upon which the money judgment was issued was not entered and where Plaintiff does not reside in violation of 15 U.S.C. § 1692i and Cal. Civ. Code § 1788.15(b).

-1-

2.     Defendants illegally and knowingly caused an "Earnings Withholding Order" to be issued in a county in which Plaintiff does not reside or work and in a county in which the original contract upon which the money judgment is based was not entered, directing the San Diego County Sheriff's Office to garnish Plaintiff's wages in violation of 15 U.S.C. § 1692i and Cal. Civ. Code § 1788.15(b).

3.     Defendants knowingly and willingly misrepresented the alleged amount of the remaining balance owed on the money judgment against Plaintiff in numerous documents directing the San Diego County Sheriff's Office to enforce the money judgment against Plaintiff by garnishing Plaintiff's wages in violation of 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17.

4.     To date, the San Diego County Sheriff's Office is actively garnishing Plaintiff's wages as a result of Defendants' illegal conduct.

5.     Defendants' unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm.

6.     Plaintiff has suffered, and continues to suffer, actual damages as a result of Defendant's unlawful conduct.

7.     REESE LAW GROUP, headquartered in San Diego, CA, is a law firm operating as a debt collection agency which regularly attempts to collect debts in its ordinary course of business, and which engages in a pattern and practice of the unlawful conduct described herein.

8.     FORD MOTOR CREDIT COMPANY, headquartered in Dearborn, MI, is an automotive finance company providing dealer and customer financing to support the sale of Ford Motor Company products,

COMPLAINT FOR DAMAGES

1  and employs the services of REESE LAW GROUP to collect alleged debts
2  on its behalf.

3       9.      Congress has stated: "There is abundant evidence of the use of
5  abusive, deceptive, and unfair debt collection practices by many debt
6  collectors. Abusive debt collection practices contribute to the number of
7  personal bankruptcies, to marital instability, to the loss of jobs, and to
8  invasions of individual privacy." 15 U.S.C. § 1692a.

9       10.    The California legislature has determined that the banking and
10 credit system and grantors of credit to consumers are dependent upon the
11 collection of just and owing debts and that unfair or deceptive collection
12 practices undermine the public confidence that is essential to the continued
13 functioning of the banking and credit system and sound extensions of credit
14 to consumers. The Legislature has further determined there is a need to
15 ensure debt collectors exercise this responsibility with fairness, honesty
16 and due regard for the debtor's rights and that debt collectors must be
17 prohibited from engaging in unfair or deceptive acts or practices in the
18 collection of consumer debts. *See* Cal. Civ. Code § 1788.1(a)-(b).

19                     **PARTIES**

20      11.    Plaintiff, SABRINA MUHAMMAD, is, and at all times herein
21 mentioned was, a natural person who resides in the City of Mission Viejo,
22 County of Orange, State of California.

23      12.    Defendant REESE LAW GROUP is, and at all times herein
24 mentioned was, on information and belief, a law firm which lawfully
25 conducts business in the State of California. Defendant is a "debt collector"
26 as defined by 15 U.S.C. § 1692a and Cal. Civ. Code § 1788.2(c).
27 Defendant's conduct is regulated by the FDCPA codified under Title 15

28

COMPLAINT FOR DAMAGES

U.S.C. §§ 1692 *et seq.* and Cal. Civ. Code §§ 1788 *et seq.* Defendant conducts business within the State of California.

13.     Defendant FORD MOTOR CREDIT COMPANY is, and at all times herein mentioned was, an automotive finance company which employed the services of REESE LAW GROUP to collect an alleged debt from Plaintiff.

14.     "Defendant" and "Defendants" refer to all defendants, named and unnamed, as Plaintiff alleges each to be jointly and severally liable for the conduct alleged herein.

15.     Plaintiff alleges there may be additional defendants of which the true names and capacities, whether individual, corporate, associate, or otherwise, are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show the true names and capacities of such defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, such unnamed defendants are responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION

16.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

17.     This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code § 1788 *et seq.* Since Defendant does business within California, there is personal jurisdiction.

/ / /

/ / /

1

## VENUE

2    18.    Venue is proper pursuant to 28 U.S.C. § 1391 as the events
3 giving rise to Plaintiff's claims occurred in San Diego County located in the
5 Southern District of California.

6    ## FACTUAL ALLEGATIONS

7    19.    Plaintiff is alleged to formally owe a debt to FORD MOTOR
8 CREDIT COMPANY.

9    20.    On or about March 30, 2001, FORD MOTOR CREDIT
10 COMPANY secured a money judgment against Plaintiff in the Superior
11 Court of California, County of Orange, in the amount of $11,674.04. *See*
12 Orange County Superior Court case no. 00HL02768.

13    21.    During all times herein alleged, REESE LAW GROUP and/or its
14 predecessor and/or affiliate was employed by FORD MOTOR CREDIT
15 COMPANY to collect the alleged debt formally owed by Plaintiff on behalf
16 of FORD MOTOR CREDIT COMPANY.

17    22.    On or about March 30, 2001, FORD MOTOR CREDIT
18 COMPANY secured a money judgment against Plaintiff in the Superior
19 Court of California, County of Orange, in the amount of $11,674.04. *See*
20 Orange County Superior Court case no. 00HL02768.

21    23.    Initially, Defendants did not attempt to collect any money from
22 Plaintiff pursuant to the judgment entered against Defendant on or about
23 March 30, 2001. However, more than two years later, on or about July 28,
24 2003, Defendants obtained a Writ of Execution directing the Orange
25 County Sheriff's Office to collect $14,346.64 from Plaintiff. This amount
26 included the alleged judgment amount of $11,674.04 as well as $2,665.60
27 of post-judgment interest.

28 / / /

COMPLAINT FOR DAMAGES

24.     Despite Defendants making no attempts to collect the money judgment entered against Plaintiff from the period of March 30, 2001 to July 28, 2003, the amount of the money judgment continued to accrue interest unbeknownst to Plaintiff.

25.     As of the filing of the Writ of Execution on or about July 28, 2003, post-judgment interest on the alleged balance owed pursuant to the money judgment obtained by Defendants stopped accruing.

26.     On or about September 30, 2003, the Orange County Sheriff's Office commenced garnishing Plaintiff's wages pursuant to an Earnings Withholding Order served on Plaintiff's employer.

27.     On or about July 17, 2009, Defendants applied for a renewal of the money judgment entered against Plaintiff. In its Application for Renewal, Defendants alleged Plaintiff owed $12,462.20, which included the original judgment balance of $11,674.04 in addition to $768.16 in post-judgment interest. Contemporaneously, Defendants filed a "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest" with the Orange County Superior Court attesting to Plaintiff owing $768.16 of accrued interest.

28.     On or about November 8, 2010, due to a medical condition, Plaintiff took a leave-of-absence from her employment with the Internal Revenue Service. Plaintiff remained on non-pay status from approximately November 8, 2010 to November 3, 2011. Under California law, an Earnings Withholding Order allowing a debt collector and/or original creditor to garnish an individual's wages terminates upon the conclusion of a continuous 180-day period during which no amounts are withheld by the employer under the Order. *See* Cal. Civ. Proc. Code § 706.032(a)(1). Prior to Plaintiff's return to work, the 180-day timeframe expired on or about May

7, 2011. As such, on or about December 6, 2011, Plaintiff's employer notified the Orange County Sheriff's Office of the expiration of the 180-day timeframe for which no funds were withheld from Plaintiff's wages due to Plaintiff being on non-pay status. *See* Cal. Civ. Proc. Code § 706.023(a)(3) ["If an earnings withholding order has terminated…the employer shall return the order to the levying officer along with a statement of the reasons for returning the order."].

29.   As of approximately November 24, 2010, Defendants had ceased garnishing Plaintiff's wages in Orange County.

30.   As of approximately November 24, 2010, the remaining balance allegedly owed by Plaintiff on the original money judgment was $3,284. This is the current approximate amount allegedly owed to date according to the records of the Orange County Sheriff's Office.

31.   On or about June 3, 2011, the Orange County Sheriff's Office returned an "Execution Return – Earnings Withholding Order" to Defendant REESE LAW GROUP and the Orange County Superior Court deeming the money judgment against Plaintiff to be "partially satisfied." The "Execution Return – Earnings Withholding Order," furthermore, certified the Orange County Sheriff's Office collected a total of $13,015.24 from Plaintiff; of that amount, $11,126.24 was allocated to the alleged amount owed by Plaintiff pursuant to the money judgment, while $1,889.00 was paid to the Orange County Sheriffs Office for fees and expenses allegedly incurred. Under California law, when a money judgment is deemed "partially satisfied," interest ceases to accrue. Cal. Civ. Proc. Code § 685.030(c).

32.   Less than four months later, on or about November 9, 2011, Defendant REESE LAW GROUP filed a "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest"

with the Orange County Superior Court attesting to Plaintiff owing $1,070.48 of accrued interest despite the money judgment having been deemed "partially satisfied."

33.    On or about June 22, 2012, Defendant REESE LAW GROUP caused a Writ of Execution to be filed directing the Orange County Sheriff to collect $13,007.82 from Plaintiff. This amount included an alleged remaining principal balance owed of $11,912.34 as well as $1,070.48 of accrued post-judgment interest.

34.    However, from approximately November 24, 2010 to December 2, 2015, Defendants made no efforts to garnish Plaintiff's wages.

35.    On November 30, 2015, more than five years after Defendants ceased garnishing Plaintiff's wages, Defendant REESE LAW GROUP filed a "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest" with the Orange County Superior Court attesting to Plaintiff owing $5,887.64 of accrued interest.

36.    Post-judgment interest ceased accruing at best on or about June 3, 2011 (the date the judgment was deemed "partially satisfied") and at worst on or about July 28, 2003 (the date when Defendants initially began garnishing Plaintiff's wages).

37.    On or about December 2, 2015, Defendants caused a Writ of Execution to issue in San Diego County directing the San Diego County Sheriff to collect a total of $17,024.98. This amount included an alleged outstanding principal balance of $12,462.20 and an alleged $5,887.64 of accrued interest.

38.    Plaintiff has never resided or worked in San Diego County.

39.    The original contract between Plaintiff and Defendant FORD MOTOR CREDIT COMPANY was executed in Orange County, not San

1  Diego County.

2      40.      Shortly thereafter, on or about January 6, 2016, Defendants

3  caused the San Diego County Sheriff's Office to issue an Earnings

5  Withholding Order on Plaintiff's employer asserting Plaintiff owed a total

6  amount of $17,986.09 pursuant to the money judgment originally obtained

7  against Plaintiff. The Earnings Withholding Order erroneously states the

8  money judgment was "entered in the court on" July 17, 2001. The

9  judgment, however, was entered on March 30, 2001.

10     41.      On or about January 27 2016, because the Defendants caused

11  an Earnings Withholding Order to issue in San Diego County, Plaintiff took

12  time off of work to drive from Orange County to San Diego to file a "Claim

13  of Exemption" contesting the amount Defendants sought to garnish from

14  her wages.

15     42.      On or about February 5, 2016, the San Diego County Sheriff's

16  Office commenced garnishing Plaintiff's wages pursuant to the "Earnings

17  Withholding Order" which Defendants caused to be issued on or about

18  January 6, 2016. Initially, approximately 25% of Plaintiff's were regularly

19  garnished from Plaintiff's wages.

20     43.      Thereafter, on or about March 3, 2016, Plaintiff appeared in pro

21  per in Orange County Superior Court to contest the amount Defendants

22  sought to garnish from her wages. In response to Plaintiff's filed "Claim of

23  Exemption" and her oral argument before the court on or about March 3,

24  2016, Judge Corey S. Cramin of the Orange County Superior Court

25  reduced Plaintiff's wage garnishment to $20 per month.

26     44.      As of April 21, 2016, the San Diego County Sheriff's Office

27  purported Plaintiff owed a total balance of $17,338.111, including an

28  alleged principal balance of $11,912.34 and alleged accrued interest of

1   $5,178.61.

2   45.   Despite having no ties to San Diego County, to date,
3   Defendants continue to garnish Plaintiff's wages pursuant to the Earnings
5   Withholding Order filed with the San Diego County Sheriff's Office on or
6   about January 6, 2016.

7   46.   As a result of Defendants' conduct, Plaintiff has suffered, and
8   continues to suffer, actual damages. Plaintiff's wages continue to be
9   actively garnished by Defendants. On more than one occasion, Plaintiff
10  was forced to take time off of work to travel from Orange County, where
11  she works and resides, to San Diego County to attempt to prevent
12  Defendants from continuing to illegally garnish her wages.

13  47.   As a result of Defendants' conduct, Plaintiff has suffered
14  emotional distress with manifestations including, but not limited to, loss of
15  appetite, inability to sleep, marital discord, anxiety, and paranoia.

16  **FIRST CAUSE OF ACTION**
17  *(Title 15 U.S.C. § 1692 et seq.)*

18  48.   Plaintiff reaffirms and re-alleges paragraphs above herein as if
19  specifically set forth more fully herein below.

20  49.   Defendant REESE LAW GROUP is a "debt collector" as
21  defined by 15 U.S.C. § 1692a(6).

22  50.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692c(d)
23  and 15 U.S.C. § 1692a(3).

24  51.   These financial obligations were primarily for personal, family
25  or household purposes and are therefore a "debt" as that term is defined by
26  15 U.S.C. § 1692a(5).

27  52.   The foregoing acts and omissions constitute numerous and
28  multiple violations of the FDCPA, including, but not limited to:

a. Engaging in conduct the natural consequence of which is to harass oppress, or abuse Plaintiff (§ 1692d);

b. Using false, deceptive, or misleading representations or means in connection with collection of an alleged debt from Plaintiff (§ 1692e);

c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

e. Bringing legal action against Plaintiff in a judicial district where Plaintiff does not reside and where Plaintiff did not sign the contract initially sued upon by Defendants (§ 1692i(2)(A)-(B)).

53.     15 U.S.C. § 1692f prohibits a debt collect from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  In addition to the general ban on unfair or unconscionable means, this section expressly prohibits "[t]he collection of any amount (including any interest, fee, charge, or express incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). This was violated.

54.     It is believed other violations of 15 U.S.C. 1692 *et seq.* have occurred and if discovered during the process of discovery Plaintiff will amend this complaint to allege the specific allegations setting forth the violations.

55.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including *inter alia*, legal fees incurred trying to protect her interest, adverse

1  effects to her health, distress, aggravation, and/or anxiety suffered by
2  Plaintiff, all as a result of Defendants' conduct; statutory damages in an
3  amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
5  reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)
6  from Defendants, jointly and severally.

7      56.      Plaintiff suffered actual damages and emotional distress as
8  described above.

9  **SECOND CAUSE OF ACTION**
10  *(California Civil Code § 1788, et seq.)*

11      57.      Plaintiff reaffirms and re-alleges paragraphs above herein as if
12  specifically set forth more fully herein below.

13      58.      Defendants are included in the class of entities whose debt
14  collection activities are regulated under California Civil Code § 1788 *et seq.*

15      59.      Defendant FORD MOTOR CREDIT COMPANY is a "creditor"
16  as defined by Cal. Civ. Code § 1788.2(i).

17      60.      Defendant REESE LAW GROUP is a "debt collector" as
18  defined by Cal. Civ. Code § 1788.2(c).

19      61.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

20      62.      Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

21      63.      This case involves money, property or their equivalent, due or
22  owing or alleged to be due or owing from a natural person by reason of a
23  consumer transaction.  As such, this action arises out of a "consumer debt"
24  as those terms are defined by Cal. Civ. Code § 1788.2(f).

25      64.      Defendants' acts and omissions violated Cal. Civ. Code § 1788
26  *et seq*, the "Rosenthal Fair Debt Collection Practices Act," including, but not
27  limited to the below activity:

28

-12-

   a. Defendants violated § 1788.15(a) by attempting to collect a consumer debt by means of judicial proceedings where Defendants knew that service of process had not been legally effected;

   b. Defendants violated § 1788.15(b) by collecting a consumer debt by means of judicial proceedings in a county other than the county in which the Plaintiff incurred the consumer debt or the county in which Plaintiff resided at the time proceedings were instituted, or where Plaintiff resided at the time the consumer debt was incurred;

   c. Defendants violated § 1788.17 as detailed in the allegations set forth herein at paragraphs 49-51.

65.   Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit pursuant to Cal. Civ. Code § 1788.30.

66.   Plaintiff suffered actual damages and emotional distress as described above.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

    i.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    ii.  Actual damages according to proof pursuant to 15 U.S.C. § 1692k;

    iii.  Statutory damages pursuant to Cal. Civil Code §§ 1788.17 and 1788.30(b);

    iv.  Actual damages according to proof pursuant to Cal. Civil Code §§ 1788.30 and 1788.17, as well as common law;

    v.  Attorneys' fees and costs

    vi.  Such other and further relief that may be just and proper.

Dated: **October 4, 2016**

_____
William R. Jarrell
Andre L. Verdun
Attorneys for Plaintiff
SABRINA MUHAMMAD

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, SABRINA MUHAMMAD, by and through her attorneys, Andre L. Verdun and William R. Jarrell, hereby demands a trial by jury in the above-captioned matter.

Dated: **October 4, 2016**

_____
William R. Jarrell
Andre L. Verdun
Attorneys for Plaintiff
SABRINA MUHAMMAD

COMPLAINT FOR DAMAGES