1   Joseph M. Pleasant, Esq. (State Bar Number 179571)
    jpleasant@reeselawgroup.com
2   3168 Lionshead Avenue
    Carlsbad, CA 92010
3   Telephone 760.842.5850
    Attorney for defendants REESE LAW GROUP, APC
4

5   Susan M. Benson, Esq. (State Bar Number 146837)
    sbenson@bensonlegal.net
6   Benson Legal APC
    6345 Balboa Boulevard, Suite 365
7   Encino, CA 91316
    (818) 708-1250
8   Attorneys for Defendants REESE LAW GROUP, APC

9

10

11              UNITED STATES DISTRICT COURT

12           SOUTHERN DISTRICT OF CALIFORNIA

13   SABRINA MUHAMMAD,          Case No. 16cv2513-MMA-BGS

14             Plaintiff     **DEFENDANT REESE LAW GROUP'S**
15   v.                    **MEMORANDUM OF POINTS &**
                         **AUTHORITIES IN SUPPORT OF ITS**
16   REESE LAW GROUP, APC; FORD MOTOR **ANTI-SLAPP MOTION**
   CREDIT COMPANY,
17                      Date: JANUARY 9, 2017
18            Defendants.    Time: 2:30PM
                      ORAL ARGUMENT REQUESTED
19                      Judge: Hon. Michael M. Anello
                      Courtroom: 3A Schwartz Courthouse
20                      221 West Broadway, San Diego CA

21

22

23       Defendant REESE LAW GROUP, APC, ("RLG") brings this ANTI-SLAPP MOTION as to

24   plaintiff's Second Cause of Action (California Civil Code Section 1788, et seq. (The Rosenthal Act))

25   based on the following:

26   / / /

27   / / /

28

                               1

///

# I.

## INTRODUCTION

Plaintiff's Rosenthal cause of action is based on allegations pertaining to the enforcement of a judgment.[1]  The California Legislature has authorized a special motion to strike that may be filed against "SLAPP" suits (Strategic Lawsuits Against Public Participation).  The anti-SLAPP motion is a procedural remedy, designed to *quickly* identify and *dispose of lawsuits* brought to chill the valid exercise of a party's constitutional right of petition or free speech.  See Cal. Code of Civ. Proc. §425.16(a)); see also *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* 122 Cal.App.4th 1049, 1055-1056 (2004) —a "quick and inexpensive method for unmasking and dismissing such suits" (internal quotes omitted)].  This motion seeks to dispose of plaintiff's state Rosenthal claim.

# II.

## THE ALLEGATIONS

Plaintiff Sabrina Muhammad ("Muhammad") alleges that RLG, while enforcing a judgment, violated various provisions of the federal Fair Debt Collection Practices Act ("FDCPA") which are incorporated into the Rosenthal Act through California Civil Code §1788.17.   Specifically, she alleges RLG violated 15 U.S.C §1692d (harassment or abuse), §1692e (false representations), §1692e(10) (deceptive practices), §1692f (unfair practices) and §1692i(a)(2) (improper venue).   She also alleges violations of §1788.15(a) (collecting a debt by judicial means with knowledge service of process is invalid) and §1788(b) (collecting a debt by judicial means without a judgment in an improper county). The operative factual allegations which she claims violated these provisions boil down to: (1) an

MEMORANDUM OF P&A IN SUPPORT OF ANTI-SLAPP                    Case No. 16cv2513-MMA-BGS

allegation that RLG has not properly credited collections on a state court judgment against her which rendered the amount on the writ of execution and earnings withholding order used to garnish her wages inaccurate and (2) an allegation that RLG improperly used the San Diego County Sheriff's department to garnish her wages while she was living in Orange County.

### III.

### CALIFORNIA'S ANTI-SLAPP STATUTE

### AS APPLIED IN FEDERAL COURT

California's anti-SLAPP statute authorizes a special motion to strike litigation designed to chill free speech:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc., §425.16(b)(1).   The statute applies to acts in further of a person's right of petition or free speech in connection with a public issue includes "any written or oral statement or writing before a ... judicial proceeding ..." Cal.Code. Civ. Proc., §425.16(e)(1).  Section 425.16 is to be construed broadly.  *Kectchum v. Moses*, 24 Cal.4th 1122, 1130 (2001).

The Ninth Circuit has determined that a motion under §425.16 may be used in federal courts. *United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc*., 190 F.3d 963, 972 (9th Cir.1999), cert. denied, 530 U.S. 1203, 120 S.Ct. 2196, 147 L.Ed.2d 232 (2000).   However federal courts limit its application to non-federal claims.  *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th

---

[1]These allegations are also the basis of her federal FDCPA claims.  However, defendant will challenge the federal claims through a different procedure.

Cir.2010).  As such, plaintiff's claim under the California Rosenthal Act is subject to the Anti-SLAPP procedure.

### Section 425.16's Burden Shifting

Section 425.16(b)(1) provides a two-step burden shifting process:

> First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under §425.16, subdivision (b)(2), the trial court in making these determinations considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

*Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal.4th 53, 67 (2002).

### Protected Activity

As to RLG'S threshold protected activity burden, "the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity." *Navellier v. Sletten*, 29 Cal.4th 82, 89 (2002).   In the regard, "[t]he constitutional right to petition ... includes the basic act of filing litigation or otherwise seeking administrative action."  *Ludwig v. Superior Court* 37 Cal.App.4th 8, 19 (1995).   As such, RLGs alleged litigation activity pertaining to the enforcement of a judgment was a protected activity.   The burden now shifts to plaintiff to prove a probability of prevailing.

### Probability of Prevailing

To establish a "probability" of prevailing on a claim, a plaintiff facing a §425.16 motion must "make a prima facie showing of facts which would, if credited, support a judgment in his favor."

*Conroy v. Spitzer* 70 Cal.App.4th 1446, 1451 (1999). A section 425.16 motion, like a summary judgment motion, "pierces the pleadings and requires an evidentiary showing." *Simmons v. Allstate Ins. Co.,* 92 Cal.App.4th 1068, 1073 (2001).

## IV.

### THE ALLEGED MISAPPLICATION OF COLLECTIONS
### TO THE JUDGMENT AND GARNISHMENT PAPERWORK

It is now the plaintiff's burden to demonstrate a probability of prevailing by showing how the money collected over a decade was misapplied to the judgment and misrepresented in the garnishment paperwork and how this violated Civil Code §1788.17 incorporating the alleged FDCPA violations. This showing must be made with admissible evidence and a correct application of the laws governing the allocation of collections to judgments and renewed judgments.[2]

## V.

### THE ALLEGED FEDERAL VENUE VIOLATION

It is also plaintiff's burden to demonstrate a probability of prevailing by showing how there was an alleged venue violation of the FDCPA as incorporated by Civil Code §1788.17. Specifically, plaintiff must establish how, based on correct application of the law, the alleged garnishment activity amounted to a venue violation. Likewise, this showing must supported by admissible evidence.

///

///

---

[2] RLG has not misapplied any collections or collected more than the amount due and owing on the judgment at any given time. If Muhammad attempts to meet her burden by submitting evidence of all collections but then misapplies how they were supposed to be allocated to interest and principal, then RLG will address any such evidence and misapplication in its reply. Because the complaint misstates how post-judgment interest accrues and how collections are allocated to interest and principal, defendant anticipates she will do this in her response to this motion.

MEMORANDUM OF P&A IN SUPPORT OF ANTI-SLAPP          Case No. 16cv2513-MMA-BGS

# VI.

## THE ALLEGED STATE SERVICE AND VENUE VIOLATIONS

Lastly, with admissible evidence, plaintiff must demonstrate a probability of prevailing under Civil Code §1788.15(a) which prohibits collecting by means of judicial proceedings with knowledge service of process has not been legally effected and §1788.15(b) which prohibits collecting through judicial proceedings in a county other than the county in which the debtor resides or incurred the debt unless the debt has been reduced to a judgment.

# VII.

## CONCLUSION

RLG has met its burden in showing that its litigation conduct is subject to the Anti-SLAPP statute.   Plaintiff cannot meet her legal and evidentiary burden to prove a probability of success under California law.  As such, RLG's motion to strike should be granted and RLG should be awarded its costs and attorney fees pursuant to Cal. Code of Civ. Proc. Sec. 425.16(c).   Respectfully submitted.


DATED:  October 31, 2016                    BENSON LEGAL APC


                                            /s/ Susan M. Benson
                                            _____
                                            Susan M. Benson, Esq. for Defendants
                                            REESE LAW GROUP, APC, and

MEMORANDUM OF P&A IN SUPPORT OF ANTI-SLAPP                    Case No. 16cv2513-MMA-BGS