# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA MUHAMMAD, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>REESE LAW GROUP, APC,<br><br>                                    Defendant. | Case No.:  16cv2513-MMA (BGS)<br><br>**ORDER DENYING REESE LAW GROUP'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 46] |

    Plaintiff Sabrina Muhammad ("Plaintiff") brings two causes of action against
Defendant Reese Law Group ("Reese") alleging violations of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and California's Rosenthal Fair Debt
Collection Practices Act, California Civil Code § 1788 *et seq.* ("Rosenthal Act").  *See*
Complaint.  On January 23, 2017, the Court granted Reese's anti-SLAPP motion,
dismissing Plaintiff's Rosenthal Act claims against Reese with prejudice.  *See* Doc. No.
31.  Reese now moves for sanctions against Plaintiff's counsel pursuant to Federal Rule
of Civil Procedure 11.  *See* Doc. No. 46.  Plaintiff filed an opposition to Reese's motion,
to which Reese replied.  *See* Doc. Nos. 49, 52.  The Court found the matter suitable for
determination on the papers and without oral argument pursuant to Civil Local Rule
7.1.d.1.  *See* Doc. No. 53.  For the reasons set forth below, the Court **DENIES** Reese's

motion for sanctions.

<u>**BACKGROUND**</u>

Plaintiff Sabrina Muhammad is an individual residing in Orange County, California. Reese is a law firm headquartered in San Diego, California, which conducts business in the state of California.

Plaintiff leased a vehicle from Ford Motor Credit Company, LLC ("Ford") and defaulted on the loan. Reese obtained a judgment on behalf of Ford against Plaintiff in the Orange County Superior Court on or about March 30, 2001. Reese then garnished Plaintiff's wages at different times over a period of several years.

On or about July 17, 2009, Reese renewed the money judgment in the Orange County Superior Court. Approximately two years later in November 2011, Reese prepared and submitted to the Orange County Superior Court a writ of execution and interest calculation. "The clerk of court issued the writ on November 28, 2011." Doc. No. 46-1 at 2.

Approximately four years later, Reese prepared and submitted another writ of execution and interest calculation to the Orange County Superior Court. The clerk of court for the Orange County Superior Court issued the writ on December 2, 2015, and directed the San Diego County Sheriff to garnish Plaintiff's wages.

Plaintiff asserts that Reese "is collecting more than owed." Doc. No. 49 at 1. Moreover, Plaintiff claims that despite having no ties to San Diego County, Reese continues to garnish Plaintiff's wages in a county other than where the debt was created or where Plaintiff resides. *See id.* Plaintiff therefore argues Reese's actions violate various provisions of the FDCPA.

/ / /

/ / /

# LEGAL STANDARD[1]

Federal Rule of Civil Procedure 11 provides in pertinent part, that when an attorney or unrepresented party presents a signed paper to a court, that attorney or unrepresented party is certifying that to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4).

When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987)) ("Counsel can no longer avoid the sting of

---

[1] Plaintiff claims that in the event Defendant prevails on the instant motion, Defendant "is only entitled to attorney fees if they can show the case was filed in bad faith or for the purposes of harassment." Doc. No. 49 at 21. Plaintiff argues the Court should utilize the statutory fee shifting provision of 15 U.S.C. § 1692k, as opposed to Rule 11. *See id.* Plaintiff, however, fails to sufficiently demonstrate the applicability of the FDCPA attorney fee provision in this context. In any event, because the Court denies Defendant's motion for sanctions for the reasons set forth below, the Court need not analyze this argument.

16cv2513-MMA (BGS)

Rule 11 sanctions by operating under the guise of a pure heart and empty head.").

"Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Odish v. CACH, LLC*, 2012 WL 5382260, at *3 (S.D. Cal. Nov. 1, 2012).

If the court determines a Rule 11 violation occurred, "the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added).

**DISCUSSION**

## I.  Evidentiary Objections

As a preliminary matter, both parties filed various evidentiary objections. *See* Doc. Nos. 50, 52-4.  The Court addresses the parties' objections in turn.

### A. Plaintiff's Evidentiary Objections

Plaintiff objects to evidence submitted in support of Reese's motion for sanctions. *See* Doc. No. 50.  Specifically, Plaintiff objects to: (1) Harlan Reese's declaration in its entirety; (2) Exhibit 2 to Harlan's Reese's declaration; (3) Joseph M. Pleasant's declaration in its entirety, including Exhibit 1; (4) Dana Meyer's declaration in its entirety, including Exhibits 1-3; and (5) Susan Benson's declaration in its entirety, including Exhibits 1-2.  *See* Doc. No. 50.  Reese filed an opposition to Plaintiff's evidentiary objections.  *See* Doc. No. 52-3.  The Court does not rely on the above-referenced declarations and exhibits in ruling on the instant motion.  Accordingly, the Court **DENIES AS MOOT** Plaintiff's evidentiary objections.

### B. Reese's Evidentiary Objections

Reese objects to evidence submitted in support of Plaintiff's opposition to Reese's motion for sanctions (objections 1-6). *See* Doc. No. 52-4.  Specifically, Reese objects to: (1) six excerpts of William Jarrell's declaration; and (2) six excerpts of Sabrina Muhammad's declaration (objections 7-12).  *See id.*

As to Mr. Jarrell's declaration, Reese objects to five of the six excerpts on hearsay grounds.  Hearsay is a statement made out of court offered for the truth of the matter

asserted. Fed. R. Evid. 801(c). The Court finds Reese's hearsay objections to Mr. Jarrell's declaration to be without merit because such statements are based on Mr. Jarrell's personal knowledge and are not offered for the truth of the matter asserted. Accordingly, the Court **OVERRULES** Reese's hearsay objections to Mr. Jarrell's declaration (objections 1-4, 6). Reese objects to one other portion of Mr. Jarrell's declaration on the ground that the Mr. Jarrell's testimony calls for a legal conclusion. The Court similarly finds this objection to be without merit because Mr. Jarrell simply paraphrases relevant California law. As such, the Court **OVERRULES** Reese's objection on the ground that Mr. Jarrell's testimony calls for a legal conclusion (objection 5).

As to Ms. Muhammad's declaration, the Court does not rely on Ms. Muhammad's declaration in reaching its conclusion below. As such, the Court **DENIES AS MOOT** Reese's objections to Ms. Muhammad's declaration.

## II.  **Reese's Motion for Sanctions**[2]

The gravamen of Plaintiff's Complaint is that Reese violated the FDCPA by misrepresenting the amount of Plaintiff's debt, attempting to collect more money than owed on the money judgment, and initiating a legal action in an improper venue. *See* Complaint. Reese contends sanctions are proper because there is no evidentiary support for Plaintiff's accounting allegations, there is no legal support for Plaintiff's venue allegations, and Plaintiff's counsel did not perform a reasonable pre-filing inquiry. *See* Doc. No. 46-1. Plaintiff opposes, arguing that Reese's motion for sanctions is untimely, Plaintiff's claims are warranted by existing law, and Plaintiff's counsel engaged in a reasonable pre-filing inquiry. *See* Doc. No. 49. The Court addresses each argument in

---

[2] Mr. Howard Smith, one of Reese's attorneys, avers he complied with the 21-day safe harbor provision required by Rule 11(c)(2). Doc. No. 46-2 ¶¶ 2-3 (hereinafter "Smith Decl."). Mr. Smith sent by email and U.S. mail a copy of Reese's proposed motion for sanctions at least 21 days prior to filing the instant motion. Smith Decl. ¶ 2. Plaintiff does not contest that she received a copy of Reese's motion for sanctions, or argue that Reese otherwise failed to comply with the requirements set forth in Rule 11. As such, the Court concludes Reese complied with the 21-day safe harbor period requirement.

turn.

## A. Reese's Motion for Sanctions is Timely

Plaintiff asserts the instant motion is untimely because "it was made after [Reese] prevail[ed] on the anti-SLAPP motion." Doc. No. 49 at 18. Reese, however, contends its motion is timely because it was not until Plaintiff produced "no evidence in opposition" to Reese's anti-SLAPP motion that Reese believed "there was no evidentiary basis for the filing of the Complaint and that a Motion for Sanctions would be appropriate." Doc. No. 52 at 7.

"Ordinarily the motion [for sanctions] should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. "Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy." *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014).

Here, the Court finds Reese's motion is timely because the Court has not decided the merits of the underlying dispute. While the Court granted Reese's anti-SLAPP motion on January 23, 2017, the Court only dismissed Plaintiff's state law claims under the Rosenthal Act. *See* Doc. No. 31. Thus, the Court has not yet addressed Plaintiff's federal claims under the FDCPA. *See Islamic Shura Council of S. Cal.*, 757 F.3d at 873 (reversing an order granting a motion for sanctions where the motion for sanctions was filed after the Court ruled on the motion underlying the dispute); *Grant v. Bostwick*, 2016 WL 3983075, at *6 (S.D. Cal. July 21, 2016) (denying a motion for sanctions where court decided the merits of the underlying motion before the plaintiff filed the motion for sanctions). Further, because the Court issued its Order granting Reese's anti-SLAPP motion on January 23, 2017, Reese did not wait an unreasonable amount of time in filing the instant motion on March 10, 2017. *Cf. MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, 2012

WL 4052023, at *5 (C.D. Cal. Sept. 14, 2012) (noting the defendants' motion for sanctions was untimely because the defendants did not move for sanctions until *more than six months* after the plaintiffs' allegedly improper behavior) (emphasis added); *Netbula, LLC v. Bindview Dev. Corp.*, 2007 WL 1694820, at *1 (N.D. Cal. June 11, 2007) (finding Rule 11 motion "untimely because it was not filed until many months after Defendants' offending contentions were made and long after the presiding judge had already considered or ruled upon the papers containing the offending contentions."). Accordingly, Reese's motion for sanctions is timely.

### B. Plaintiff's Complaint is Not Frivolous

Reese contends Plaintiff's counsel committed two sanctionable acts: (1) Plaintiff presents no evidence in support of her accounting allegations; and (2) Plaintiff's venue allegations are not supported by existing law, or by a nonfrivolous argument for the extension of existing law. *See* Doc. No. 52 at 6.

Prior to filing a complaint, "attorneys have a duty, not only to conduct a reasonable factual investigation, but also to perform adequate legal research to confirm whether the underlying theories of the complaint are warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law." *Smith v. Hunt & Henriques*, 2013 WL 6141456, at *2 (N.D. Cal. Nov. 21, 2013) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian*, 286 F.3d at 1127. The word "frivolous" is a shorthand used by courts to "denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Townsend*, 929 F.2d 1358, 1362 (9th Cir. 1990) (emphasis added).

#### 1. Adequate Legal Basis

First, the Court must determine whether Plaintiff's Complaint is legally or

factually baseless from an objective perspective. *See id.* at 1362. Reese argues "Plaintiff's attorneys have been advised of the law repeatedly and RLG provided them with the evidence and explanations showing that RLG did not misapply collections or over collect or violate the FDCPA's venue provision." Doc. No. 46-1 at 10. Because the presence of a single frivolous or improper claim can give rise to a Rule 11 violation, courts must individually assess each claim the movant alleges is frivolous to determine whether any claim justifies the imposition of sanctions. *See Townsend*, 929 F.2d at 1363. Therefore, the Court proceeds to analyze Plaintiff's accounting allegations and venue allegations separately.

### a. Alleged Accounting Violation

Plaintiff alleges Reese misrepresented the amount of Plaintiff's debt and is attempting to collect more money than owed in violation of 15 U.S.C. § 1692f. Complaint ¶ 53. Reese claims "there is no evidentiary support for the accounting allegations." Doc. No. 52 at 6. In response, Plaintiff's counsel assert that they reviewed numerous documents which led them to conclude that Defendant attempted to garnish more than Plaintiff owed on the judgment. *See* Doc. No. 49 at 7.

The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect to attempt to collect any debt, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

Here, Plaintiff's counsel contends that in reviewing various relevant documents, including garnishment ledgers produced by the Orange County Superior Court, the San Diego County Sheriff's Levying Office, the IRS, and Reese Law Group, Plaintiff's counsel "discovered an entry where Defendant appeared to erroneously allocate Plaintiff's alleged unpaid interest balance to the alleged outstanding principal balance. As such, it appeared Defendant was collecting compound interest, a violation of the FDCPA." *See* Doc. No. 49-1 at ¶ 32 (hereinafter "Jarrell Decl."). Upon review of

Plaintiff's Complaint and opposition to the instant motion, the Court finds that Plaintiff's accounting allegations are not objectively baseless. *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures, Indus., Inc.*, 508 U.S. 49, 60 (1993) (noting that a claim is typically not considered "baseless" unless "no reasonable litigant could realistically expect success on the merits.").

### b. Alleged Venue Violation

Plaintiff alleges Reese brought a legal action against her in an improper venue in violation of 15 U.S.C. § 1692i. Complaint ¶ 52(e). Reese contends "there [i]s no legal support for the venue allegations and [Plaintiff has] provided no argument to change or modify the law in this regard." Doc. No. 52 at 6. The FDCPA requires a debt collector who brings any legal action on a debt "against any consumer" to "bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

Here, Plaintiff claims Reese obtained the initial judgment in Orange County, but that Reese later obtained a writ of execution and used it to garnish wages in San Diego County. Plaintiff asserts she never lived in San Diego and did not sign the contract with the original debtor (Ford) in San Diego. *See* Doc. No. 49 at 7. Thus, because Reese's garnishment activity took place outside of Orange County, Plaintiff asserts Reese violated § 1692i of the FDCPA.

Reese argues Plaintiff's venue allegations are without merit because the statute requires the debt collector bring a legal action on a debt "against any *consumer*." 15 U.S.C. § 1692i(a). Reese cites to authority from the First, Eighth and Eleventh Circuits to support its contention that wage garnishment procedures do not qualify as actions against consumers, but instead are actions against third parties, for purposes of the FDCPA's venue requirements. *See Ray v. McCullough Payne & Hann, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016); *Hageman v. Barton*, 817 F.3d 611, 618-19 (8th Cir. 2016); *Smith v. Solomon & Solomon, PC*, 714 F.3d 73, 75-77 (1st Cir. 2013). Plaintiff, however,

claims the law in the Ninth Circuit is unsettled on the issue of whether California wage garnishment procedures are actions against a consumer or third party.[3] *See* Doc. No. 49 at 10 (noting that the Ninth Circuit has "never specifically addressed the issue of whether the [wage] garnishment qualified as an action against the consumer or a third party."). Thus, Reese claims Plaintiff's position is not supported by existing law. The fact that the Ninth Circuit has not yet addressed this issue, however, does not mean Plaintiff's position is objectively baseless. Plaintiff need not be correct on her "perception of the law," but need only "state[] an arguable claim." *Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) (citation omitted). Moreover, "[a] claim is not objectively baseless as long as there is '*some* plausible basis' for the argument, even if that basis is 'quite a weak one.'" *Simpson v. Cal. Pizza Kitchen, Inc.*, 2013 WL 12114487, at *3 (S.D. Cal. Oct. 23, 2013) (citing *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 117 (9th Cir. 2001) (emphasis in original). In the absence of any binding authority to the contrary, Plaintiff's venue allegations are not objectively baseless.

### 2. *Reasonable Inquiry*

Second, the Court must determine if Plaintiff's counsel conducted a reasonable and competent inquiry before signing the Complaint. *See Townsend*, 929 F.2d at 1362. Reese claims Plaintiff failed to conduct an adequate pre-lawsuit investigation because Reese's counsel "explained the accounting issues" to Plaintiff's counsel prior to Plaintiff filing her lawsuit. *See* Doc. No. 52 at 2-4. "Rule 11's requirement of a 'reasonable inquiry' means an inquiry reasonable under 'all the circumstances of a case.'" *Townsend*, 929 F.2d at 1364 (citing *Cooter & Gell*, 496 U.S. 384, 401 (1990)). This determination is

---

[3] The Court notes that Plaintiff makes repeated references to the Court's previous ruling that "wage garnishment activity against the consumer's employer is not collection activity against the consumer[.]" Doc. No. 49 at 13; *see id.* at 2, 6, 8, 9, 10. The Court, in granting Reese's anti-SLAPP motion, however, did not rule on this issue. The Court expressly indicated that Plaintiff failed to meet her burden under the second prong of the anti-SLAPP analysis. *See* Doc. No. 31 at 11. As such, the Court's holding is narrower in scope than Plaintiff contends.

highly fact-intensive. *See id.*

Here, the Court finds Plaintiff's counsel conducted a reasonable pre-filing inquiry. Mr. Jarrell avers he conducted extensive research for several months to determine whether Plaintiff had any viable claims. Jarrell Decl. ¶ 12. In fact, Mr. Jarrell reviewed hundreds of pages of documents relevant to Plaintiff's case. Jarrell Decl. ¶ 13. Additionally, Mr. Jarrell "performed more than 35 hours of legal services" including analyzing Reese's prospective liability, researching relevant California and federal law, and discussing the case with opposing counsel. Jarrell Decl. ¶ 13, 18-20. Further, Plaintiff hired a forensic accountant to review the relevant accounting records who similarly believed that Defendant improperly classified outstanding interest as principal. Jarrell Decl. ¶¶ 34, 36. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous. . . ." *Id.* at 1344. The Court finds that Plaintiff's counsel conducted a reasonable pre-filing inquiry; thus, this is not a "rare and exceptional case" warranting the imposition of sanctions.

### 3. Conclusion

Accordingly, because Plaintiff's claims are not objectively baseless, and because Plaintiff's counsel conducted a reasonable inquiry, the Court **DENIES** Reese's motion for sanctions.

## III. Plaintiff is Not Entitled to Attorneys' Fees Pursuant to Rule 11(c)(2)

Finally, Plaintiff asserts that she "is entitled to [attorneys'] fees as the prevailing party to this Motion" pursuant to Federal Rule of Civil Procedure 11(c)(2) in the amount of $26,280.00. Doc. No. 49 at 5. Rule 11(c)(2) provides in pertinent part that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . . If warranted, the court *may* award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2) (emphasis added).

Here, the Court declines to award attorneys' fees to Plaintiff as the prevailing party on Reese's motion for sanctions. Plaintiff summarily states "Defendant's Rule 11 Motion is without merit, and is filed for an improper purpose." Doc. No. 49 at 2. However, "a request for costs . . . requires a showing similar to that required for a motion brought under Rule 11." *Simpson*, 2013 WL 12114487, at *5. In the absence of any evidence to the contrary, and based upon a thorough review of the relevant documents, the Court finds Defendant did not bring the instant motion for an improper purpose. While Rule 11(c)(2) permits the Court, in its discretion, to award attorneys' fees to the prevailing party, Rule 11 does not require the Court to do so. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Reese's motion for sanctions and **DENIES** Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: June 14, 2017

HON. MICHAEL M. ANELLO
United States District Judge