1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# SOUTHERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| SABRINA MUHAMMAD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REESE LAW GROUP, APC,<br><br>Defendant. | Case No.: 16cv2513-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 55] |

11

12

13

14

15

16    Plaintiff Sabrina Muhammad ("Plaintiff") brings this action against Defendant

17 Reese Law Group ("Defendant" or "Reese") alleging violations of the Fair Debt

18 Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and California's

19 Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*

20 ("Rosenthal Act"). *See* Complaint.  On January 23, 2017, the Court granted Defendant's

21 anti-SLAPP motion, dismissing Plaintiff's Rosenthal Act claims against Reese with

22 prejudice. *See* Doc. No. 31.  Defendant now moves for summary judgment of Plaintiff's

23 FDCPA claims pursuant to Federal Rule of Civil Procedure 56.  *See* Doc. No. 55.

24 Plaintiff filed an opposition to Defendant's motion, to which Defendant replied.  *See* Doc.

25 Nos. 57, 58.  The Court found the matter suitable for determination on the papers and

26 without oral argument pursuant to Civil Local Rule 7.1.d.1.  For the reasons set forth

27 below, the Court **GRANTS** Defendant's motion for summary judgment.

28

## BACKGROUND[1]

Plaintiff Sabrina Muhammad is an individual residing in Orange County, California. Defendant is a law firm headquartered in San Diego, California, which conducts business in the state of California.

Plaintiff leased a vehicle from Ford Motor Credit Company ("Ford") and defaulted on the loan. On March 30, 2001, Defendant obtained a judgment against Plaintiff in the Orange County Superior Court in the amount of $11,674.04. Defendant garnished Plaintiff's wages on behalf of Ford at different times over a fifteen-year period from Plaintiff's employer, the Internal Revenue Service ("IRS").

On or about July 17, 2009, Defendant renewed the money judgment in the Orange County Superior Court in the amount of $12,462.20. Approximately two years later in November 2011, the Orange County Superior Court issued a writ of execution and interest calculation in the amount of $13,007.82.

Approximately four years later, Defendant prepared and submitted another writ of execution and interest calculation to the Orange County Superior Court. The clerk of court for the Orange County Superior Court issued the writ on December 2, 2015 in the amount of $17,824.98, and directed the San Diego County Sheriff to garnish Plaintiff's wages. Defendant used this writ to garnish Plaintiff's wages from the IRS. Plaintiff contests the amount owed, and claims Defendant continues to garnish Plaintiff's wages in a county other than where the debt was created or where she resides.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or

---

[1] These material facts are taken from Defendant's statement of undisputed facts and pertinent cited exhibits. *See* Doc. No. 55-2. Plaintiff did not file a response to Defendant's statement of undisputed facts, and is therefore noncompliant with the Undersigned's Civil Chambers Rule IV. However, in the interests of justice, the Court considers Plaintiff's declaration in developing the factual background. *See* Doc. No. 57-1. To the extent Plaintiff's declaration conflicts with any statement of fact set forth by Defendant, it will be so noted. Facts that are immaterial for purposes of resolving the current motion are not included in this recitation.

the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party opposing summary judgment cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (quoting Fed. R. Civ. P. 56(e)).

**DISCUSSION**

**I.      Evidentiary Objections**

As a preliminary matter, the parties submitted various evidentiary objections. *See* Doc. Nos. 57-2, 58-2. The Court addresses the parties' objections in turn.

**A. Plaintiff's Evidentiary Objections**

Plaintiff asserts four objections to the declaration of Harlan Reese and the attached exhibits, submitted in support of Defendant's motion for summary judgment. *See* Doc. No. 57-2. Specifically, Plaintiff asserts the declaration is not relevant, lacks foundation and is an improper expert opinion, lacks personal knowledge, and "constitutes inadmissible hearsay." *See id.* Defendant filed an opposition to Plaintiff's evidentiary

1  objections.  *See* Doc. No. 58-1.

2       First, Plaintiff objects to Mr. Reese's declaration on relevance grounds.  "Evidence

3  is relevant if: (a) it has any tendency to make a fact more or less probable than it would

4  be without the evidence; and (b) the fact is of consequence in determining the action."

5  Fed. R. Evid. 401.  The Court finds Plaintiff's relevance objection to be without merit

6  because Mr. Reese's declaration is plainly relevant to the case at bar.  As such, the Court

7  **OVERRULES** Plaintiff's relevance objection (objection 1).

8       Second, Plaintiff objects to Mr. Reese's declaration based on the fact that Mr.

9  Reese has not been qualified as an expert in enforcing judgments in California.  Plaintiff

10  argues Mr. Reese's testimony should be stricken.  "A witness who is qualified as an

11  expert by knowledge, skill, experience, training, or education may testify in the form of

12  an opinion" if based on technical or specialized knowledge that will help the trier of fact.

13  Fed. R. Evid. 702(a).  The Court does not rely on any improper statements of opinion in

14  reaching its conclusion below.  Rather, the Court relies only on objective facts supported

15  by Mr. Reese's personal knowledge.  Therefore, the Court **DENIES AS MOOT**

16  Plaintiff's objection on the ground that Mr. Reese has not been qualified as an expert

17  (objection 2).

18       Third, Plaintiff asserts Mr. Reese lacks personal knowledge of the evidence

19  proffered.  The Court finds this objection to be without merit, as Mr. Reese clearly has

20  personal knowledge of the documents he submitted to the state court, and documents

21  issued by the state court.  Thus, the Court **OVERRULES** Plaintiff's lack of personal

22  knowledge objection (objection 3).

23       Finally, Plaintiff claims Mr. Reese's declaration constitutes inadmissible hearsay,

24  and also appears to be based on inadmissible hearsay.  Hearsay is a statement made out of

25  court offered for the truth of the matter asserted.  Fed. R. Evid. 801(c).  Notably, Plaintiff

26  does not provide any examples as to how Mr. Reese's declaration constitutes

27  inadmissible hearsay.  The Court finds Plaintiff's objection is without merit because Mr.

28  Reese's statements recited in his declaration are not out of court statements offered for

the truth of the matter asserted therein. Further, to the extent Plaintiff objects to Defendant's attached exhibits, such exhibits fall within hearsay exceptions for either public records or records kept in the regular course of business. *See* Fed. R. Evid. 803(6),(8). Accordingly, the Court **OVERRULES** Plaintiff's hearsay objections (objection 4).

### B. Defendant's Evidentiary Objections

Defendant objects to evidence submitted in support of Plaintiff's opposition to Defendant's motion for summary judgment. *See* Doc. No. 58-2. Specifically, Defendant objects to (a) six excerpts of Plaintiff Sabrina Muhammad's declaration (objections 1-6) on the grounds that such statements are inadmissible hearsay and call for legal conclusions; (b) Exhibit A to Plaintiff's opposition, a Garnish Order for Orange County Superior Court Case No. 00HL02768, dated November 24, 2010 (objection 7); (c) Exhibit B to Plaintiff's opposition, the Civil Administration Debtor Tab Report for Orange County Superior Court Case No. 00HL02768, dated January 28, 2016 (objection 8); (d) Exhibit C to Plaintiff's opposition, a Wage Garnishment Report generated by the Internal Revenue Service, dated April 6, 2016 (objection 9); and (e) Exhibit D to Plaintiff's opposition, a Breakdown of Wage Garnishments, dated August 3, 2016 (objection 10). *See id.*

As to Plaintiff's declaration, the Court does not rely on any assertions in the declaration that constitute hearsay, call for legal conclusions, or are otherwise inadmissible. Rather, the Court relies only on objective facts supported by Plaintiff's personal knowledge. As such, the Court **DENIES AS MOOT** Defendant's objections to Plaintiff's declaration (objections 1-6).

As to Defendant's objections to Exhibits A-D, the Court does not rely on these documents in reaching its conclusion below. Accordingly, the Court **DENIES AS MOOT** Defendant's objections to Exhibits A-D (objections 7-10).

## II.    Defendant's Motion for Summary Judgment

The gravamen of Plaintiff's Complaint is that Defendant violated the FDCPA in

two ways.  First, Plaintiff alleges Defendant misrepresented the amount of Plaintiff's debt, thereby attempting to collect more money than owed on the money judgment in violation of FDCPA §§ 1692d, 1692e, 1692e(10), and 1692f.  Second, Plaintiff alleges Defendant initiated a legal action in an improper venue in violation of § 1692i.  The Court addresses each claim in turn.

### 1. Relevant FDCPA Provisions

"Seeking somewhat to level the playing field between debtors and debt collectors, the FDCPA prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'"  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)).  "The FDCPA imposes strict liability on creditors, including liability for violations that are not knowing or intentional."  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (quotation omitted).

As relevant here, § 1692d prohibits a "debt collector" from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt."  15 U.S.C. § 1692d.

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute goes on to specify certain types of conduct that qualify as violations, including "[t]he use of any false representation or deceptive means to collect or to attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

Section 1692f provides in pertinent part, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

Finally, § 1692i requires a debt collector who brings any legal action on a debt "against any consumer" to "bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i(a)(2).

## 2. The *Rooker-Feldman* Doctrine Bars Plaintiff's Misrepresentation and Over-Collection Claim

Plaintiff alleges Defendant "knowingly and willingly misrepresented the alleged amount of the remaining balance owed on the money judgment against Plaintiff in numerous documents directing the San Diego County Sheriff's Office to enforce the money judgment against Plaintiff by garnishing Plaintiff's wages[.]" Complaint ¶ 3. Specifically, Plaintiff contends "Defendant re-filed a wage garnishment order in San Diego County for an amount larger than what Plaintiff owed according to the records of her employer (the Internal Revenue Service) and Orange County (where the judgment originated)." Doc. No. 57 at 6. Defendant, however, asserts Plaintiff's misrepresentation and over-collection claim is barred by the *Rooker-Feldman* doctrine. The Court agrees.

"The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)). In order to determine whether the doctrine applies, district courts "first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Id.* (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.' In contrast, if 'a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.'" *Id.* (citing *Noel*, 341 F.3d at 1164). Even if a plaintiff seeks relief from a state court judgment, a suit constitutes a "forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *Id.*; *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("[A] plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief").

If a plaintiff seeks to bring a forbidden de facto appeal, that plaintiff "may not seek

to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the de facto appeal is brought." *Bell*, 709 F.3d at 897 (citing *Noel*, 341 F.3d at 1158). However, the "inextricably intertwined" language "is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis. Should the action *not* contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends." *Id.* (emphasis in original) (internal citation omitted).

In *Fleming v. Gordon & Wong Law Group, P.C.*, a case cited by Defendant, a district court considered an analogous situation to the case at bar. 723 F. Supp. 2d 1219 (N.D. Cal. 2010). There, a law firm obtained a state court judgment against the plaintiff, renewed the judgment, obtained a writ of execution, and garnished the plaintiff's wages. *Id.* at 1220-21. The plaintiff filed suit alleging the defendant violated the FDCPA by attempting to garnish more money than what the plaintiff owed. *Id.* at 1223. The plaintiff claimed she was challenging the defendant's actions in seeking excess interest on a judgment already entered, not whether she owed the debt. *Id.* The court concluded the plaintiff's claim was barred by the *Rooker-Feldman* doctrine because in order to evaluate the plaintiff's claim, the court "must determine the validity of the. . . debt recognized by the state court in the. . . Writ of Execution. Thus, adjudication of [the plaintiff's] FDCPA claim would undercut the state court judgment and constitute a de-facto appeal." *Id.* (internal citation omitted).

Here, the Court finds Plaintiff's misrepresentation and over-collection claim is barred by the *Rooker-Feldman* doctrine. Plaintiff argues she "does not challenge the validity of the 2001 money judgment," thus *Rooker-Feldman* is inapplicable. Doc. No. 57 at 15. However, Plaintiff expressly asserts Defendant is collecting "an amount larger than what Plaintiff owed" on the money judgment. Doc. No. 57 at 6. Plaintiff admits "the parties dispute the validity of the amounts represented on the various documents[.]" *Id.* at 10. Plaintiff claims she has been injured as a result of Defendant collecting more money than owed. Moreover, though not expressly stated in her prayer for relief, Plaintiff seeks a ruling from this Court that the "Defendant improperly calculated the

alleged debt owed by Plaintiff and attempted to collect more than Plaintiff owed[.]" Doc. No. 57 at 9. Thus, in essence, Plaintiff alleges a legal error by the state court and seeks relief from 2015 Writ of Execution issued by the state court.

A challenge to the amounts garnished based on the 2015 Writ of Execution necessarily requires this Court to examine the accuracy of the amount approved and issued by the state court. Because adjudication of this claim would undercut the state court's judgment, Plaintiff claim is a de facto appeal barred by the *Rooker-Feldman* doctrine. *See Kougasian*, 359 F.3d at 1142 (noting a plaintiff brings a de facto appeal when the plaintiff alleges legal error by the state court and seeks relief from the state court's judgment); *Balogun v. Winn Law Group, A.P.C.*, 2017 WL 2984075, at *5 (C.D. Cal. July 12, 2017) ("Should this Court rule on the merits of Plaintiff's claim, the Court would need to determine the correct interest rate on Plaintiff's debt in order to determine whether Defendants misrepresented the amount of debt. This would require review and possible reversal of the state court rulings," which is barred by the *Rooker-Feldman* doctrine); *Fleming*, 723 F. Supp. 2d at 1223 ("[T]here is no question that the *Rooker-Feldman* doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment.").

Accordingly, the Court **GRANTS** Defendant's motion as to Plaintiff's misrepresentation and over-collection claim and **DISMISSES** such claim because the Court lacks subject matter jurisdiction over it. *See Kougasian*, 359 F.3d at 1139 ("*Rooker-Feldman* requires that the district court dismiss the [suit or claim] for lack of subject matter jurisdiction.").

### 3. Plaintiff's Venue Claim Fails as a Matter of Law[2]

---

[2] The *Rooker-Feldman* doctrine does not bar Plaintiff's venue claim because this claim is based on Defendant's alleged wrongful act (garnishing wages in an improper venue), and is not otherwise "inextricably intertwined" with Plaintiff's misrepresentation and over-collection claim. *Kougasian*, 359 F.3d at 1141-42; *Noel*, 341 F.3d at 1158 ("As a practical matter, the 'inextricably intertwined' test of *Feldman* is likely to apply primarily in cases in which the state court both promulgates and applies the

Plaintiff alleges Defendant caused a "'Writ of Execution' to collect a money judgment to be issued against [Plaintiff] in a county where the original contract upon which the money judgment was issued was not entered and where Plaintiff does not reside[.]" Complaint ¶ 1.[3] Further, Plaintiff contends Defendant caused an "'Earnings Withholding Order' to be issued in a county in which Plaintiff does not reside or work and in a county in which the original contract upon which the money judgment is based was not entered, directing the San Diego County Sheriff's Office to garnish Plaintiff's wages[.]" Complaint ¶ 2. In Defendant's reply brief, Defendant admits there are no facts in dispute regarding Plaintiff's venue claim. Specifically, Defendant concedes it "garnished Plaintiff's wages outside of the county where she resided or signed the contract." Doc. No. 58 at 7. Defendant, however, argues that the FDCPA's venue provision does not apply because wage garnishment procedures in California do not qualify as actions "against any consumer," as the phrase is defined by the statute. *See* Doc. No. 55 at 8-9.

Plaintiff admits that while "the Ninth Circuit has never opined on whether California's wage garnishment procedures constitute actions against consumers," the Ninth Circuit's ruling in *Fox v. Citicorp*, 15 F.3d 1507 (9th Cir. 1994) "suggests Plaintiff may prevail on such a claim within this district." Doc. No. 57 at 11. The Court agrees that *Fox* is the starting point for this Court's analysis. There, the Ninth Circuit held that an application for a writ of garnishment falls within the FDCPA's venue provision. 15 F.3d at 1515. The Ninth Circuit noted, "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial

---

rule at issue . . . and in which the loser in state court later challenges in federal court both the rule and its application.").

[3] Contrary to Plaintiff's assertion, however, the 2015 Writ of Execution was issued by the Orange County Superior Court—the county where Plaintiff resides. *See* Doc. No. 55-3, Exh. 6.

Plaintiff alleges Defendant caused a "'Writ of Execution' to collect a money judgment to be issued against [Plaintiff] in a county where the original contract upon which the money judgment was issued was not entered and where Plaintiff does not reside[.]" Complaint ¶ 1.[3] Further, Plaintiff contends Defendant caused an "'Earnings Withholding Order' to be issued in a county in which Plaintiff does not reside or work and in a county in which the original contract upon which the money judgment is based was not entered, directing the San Diego County Sheriff's Office to garnish Plaintiff's wages[.]" Complaint ¶ 2. In Defendant's reply brief, Defendant admits there are no facts in dispute regarding Plaintiff's venue claim. Specifically, Defendant concedes it "garnished Plaintiff's wages outside of the county where she resided or signed the contract." Doc. No. 58 at 7. Defendant, however, argues that the FDCPA's venue provision does not apply because wage garnishment procedures in California do not qualify as actions "against any consumer," as the phrase is defined by the statute. *See* Doc. No. 55 at 8-9.

Plaintiff admits that while "the Ninth Circuit has never opined on whether California's wage garnishment procedures constitute actions against consumers," the Ninth Circuit's ruling in *Fox v. Citicorp*, 15 F.3d 1507 (9th Cir. 1994) "suggests Plaintiff may prevail on such a claim within this district." Doc. No. 57 at 11. The Court agrees that *Fox* is the starting point for this Court's analysis. There, the Ninth Circuit held that an application for a writ of garnishment falls within the FDCPA's venue provision. 15 F.3d at 1515. The Ninth Circuit noted, "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial

---

rule at issue . . . and in which the loser in state court later challenges in federal court both the rule and its application.").

[3] Contrary to Plaintiff's assertion, however, the 2015 Writ of Execution was issued by the Orange County Superior Court—the county where Plaintiff resides. *See* Doc. No. 55-3, Exh. 6.

proceeding relating to such a judgment constitutes a 'legal action on a debt.'" *Id.*

Defendant argues that the Ninth Circuit in *Fox* did not take the next step and address the "against any consumer" element also found in 15 U.S.C. § 1692i(a). Defendant relies on several post-*Fox* decisions by circuit courts for the proposition that a garnishment action flowing from a writ of execution, even though a legal action on a debt, is not an action against a consumer. *See* Doc. No. 55 at 8-9 (citing *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016) (reviewing Georgia law); *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 864-65 (7th Cir. 2016) (reviewing Illinois law); *Hageman v. Barton*, 817 F.3d 611, 618-19 (8th Cir. 2016) (same); *Smith v. Solomon & Solomon, PC*, 714 F.3d 73, 75-77 (1st Cir. 2013) (reviewing Massachusetts law)). Each circuit court distinguished *Fox* because the Ninth Circuit did not analyze the "against any consumer" language in § 1692i.

In *Jackson*, the Seventh Circuit agreed with the Ninth Circuit's conclusion in *Fox* that "'legal action' in § 1692i means 'all judicial proceedings, including those in enforcement of a previously-adjudicated right.'" 833 F.3d at 863 (citing *Fox*, 15 F.3d at 1515). However, the Seventh Circuit noted that "[t]his determination though does not answer our question. The [statute] after all provides that the legal action must be on a debt 'against any consumer.'" *Id.* at 863-64. In order to determine what "against any consumer means," the Seventh Circuit looked to the nature of the judicial proceedings at issue, which "require[d] [the court] to refer to Illinois law and the wage garnishment scheme in place there. We use the word nature to make clear that we analyze the proceeding's characteristics and features, careful to avoid the 'tyranny of labels' when relying upon state law to define the scope of a federal statute and cause of action.'" *Id.* at 864 (citing *EEOC v. Sidley Austin Brown & Wood*, 315 F.3d 696, 705 (7th Cir. 2002)). The First, Eighth, and Eleventh Circuits similarly all looked to the relevant state wage garnishment procedures in determining the meaning of the phrase "against any consumer."

In *Ray*, the most recent decision on this issue, the Eleventh Circuit concluded that a

Georgia garnishment proceeding is not an action against a consumer. 838 F.3d at 1111. Specifically, the garnishment process requires the judgment creditor to direct its summons to the employer, not the consumer, and requires the employer, not the consumer, to file an answer. *See id.* The governing statute in Georgia specifically provides that "[a] garnishment proceeding is an action between the plaintiff [judgment creditor] and garnishee." *Id.* (citing Ga. Code. § 18-4-15(a)). Thus, the Eleventh Circuit concluded that "the process is fundamentally an action against the garnishee, not the consumer." *Id.*

*Cole v. Cardez Credit Affiliates, LLC*, a case cited by neither party, is the only court in the Ninth Circuit that the Court is aware of to address this issue. 2015 WL 1281651 (D. Idaho Mar. 19, 2015). There, the district court held "an examination of state law is appropriate for the purposes of determining whether an enforcement action is against a consumer or third party under the FDCPA's venue provision, but only when the underlying judgment is the product of an FDCPA-compliant claim"—i.e., when the original action is first brought in a proper venue. *Id.* at *6-7. Because the state court action was filed in an improper venue in *Cole*, the court found that it was not required to "examine Idaho state law in order to decide the pending motions." *Id.* at *7. However, the court noted that had the plaintiffs originally resided in the county where the defendants initiated the state court action, the circuit court opinions "would more neatly apply and an examination of Idaho state law might be warranted—possibly to the effect that Defendants now argue. But that is not what we have here." *Id.* at *8.

Here, Plaintiff does not claim Defendant obtained the underlying judgment in an improper venue. In fact, Plaintiff acknowledges Defendant obtained the judgment in Orange County—the county where Plaintiff resides. Doc. No. 57 at 6 ("Defendant sued Plaintiff on behalf of Ford and obtained a judgment in Orange County"). As such, this Court finds persuasive the district court's reasoning in *Cole*, in addition to the reasoning of the First, Seventh, Eighth and Eleventh Circuits. Thus, the Court proceeds by looking to California's wage garnishment scheme to determine whether a wage-deduction

proceeding is truly "against any consumer," or rather, the employer. The Court is mindful that the FDCPA preempts state law to the extent state law affords a consumer less protection than the FDCPA does. *See* 15 U.S.C. § 1692n.

Upon review of California's garnishment scheme, the Court finds FDCPA's venue provision does not apply to post-judgment garnishment proceedings under California law. California Civil Procedure Code § 699.510(a) provides in relevant part,

> a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor, and shall be directed to the levying officer in the county where the levy is to be made and to any registered process server. . . . A separate writ shall be issued for each county where a levy is to be made.

Cal. Civ. Proc. Code § 699.510(a). Additionally, "[u]pon delivery of the writ of execution to the levying officer to whom the writ is directed, together with the written instructions of the judgment creditor, the levying officer shall execute the writ in the manner prescribed by law." Cal. Civ. Proc. Code § 699.530(a). The judgment creditor then applies for an earnings withholding order, which the levying officer s*erves upon the employer*.[4] *See* Cal. Civ. Proc. Code §§ 706.021, 706.103 (emphasis added). Once served, *the employer* has a duty to deliver a copy of the relevant documents to the judgment debtor. Cal. Civ. Proc. Code § 706.104(a) (emphasis added). The judgment debtor, however, has an opportunity to claim an exemption or object to the garnishment amount. Cal. Civ. Proc. Code § 706.105(e). *The employer* is required to respond to the earnings withholding order by first-class mail to the levying officer within fifteen (15) days from the date of service. Cal. Civ. Proc. Code § 706.104(b) (emphasis). *The employer* is required to withhold earnings and pay the levying officer. Cal. Civ. Proc. Code § 706.022(b) (emphasis added). Finally, if an *employer* fails to withhold or to pay

---

[4]  Because Plaintiff alleges she works for the IRS, federal law applies. Federal law requires that the garnishment paperwork be served upon the *employer's* designated agent. *See* 5 U.S.C. § 5520a(c)(1)(A) (emphasis added).

over the amount the employer is required to withhold, "the judgment creditor may bring a civil action against the *employer* to recover such amount." Cal. Civ. Proc. Code § 706.154 (emphasis added). Thus, it is quite evident that in California the process is fundamentally an action against the employer—not the consumer. Therefore, Plaintiff's FDCPA venue claim fails as a matter of law.

Plaintiff's argument that a "jury could foreseeably hold" California's wage garnishment procedure is an action against a consumer is misplaced. Doc. No. 57 at 12. "The judge decides questions of law; the jury, questions of fact." *Sparf v. United States*, 156 U.S. 51, 89 (1895). Whether California's wage garnishment procedure is an action against a consumer is a legal question for the Court to determine. Thus, Plaintiff's argument is without merit.

Accordingly, because wage garnishment proceedings in California do not qualify as actions against a consumer, the Court **GRANTS** Defendant's motion for summary judgment as to Plaintiff's venue claim.

C O N C L U S I O N

Based on the foregoing, the Court **GRANTS** Defendant's motion for summary judgment. The Court **DISMISSES** Plaintiff's misrepresentation and over-collection claim **without prejudice**, as it is barred by the *Rooker-Feldman* doctrine.[5] Further, the Court **DISMISSES** Plaintiff's venue claim **with prejudice**. Accordingly, the Clerk of Court is instructed to enter judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

Dated: October 12, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Dismissal of Plaintiff's misrepresentation and over-collection claim is without prejudice because "[a] dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject-matter jurisdiction". *Fleming*, 723 F. Supp. 2d at 1224 n.10 (citing *Kougasian*, 359 F.3d at 1139).

16cv2513-MMA (BGS)